UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Cambrian Holding Company, Inc., *et al.*,[1] | ) | Case No. 19-51200 (GRS) |
| | ) | |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Hon. Gregory R. Schaaf |
| | ) | |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DEBTORS' MOTION TO SELL SUBSTANTIALLY ALL OF THEIR ASSETS**

The Official Committee of Unsecured Creditors (the "Committee") of Cambrian Holding Company, Inc. and its related debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby submits this limited objection and reservation of rights (the "Objection") to the Debtors' request to sell substantially all of their assets pursuant to that certain *Order (A) Establishing Bidding and Sale Procedures with Respect to the Sale of Substantially all Assets, (B) Authorizing the Entry into a Stalking Horse Agreement and the Provision of Stalking Horse Protections, (C) Scheduling an Auction and Sale Hearing and Approving the Form and Manner of Notice Thereof* [Docket No. 339] (the "Bid Procedures Order"). In support of the Objection, the Committee respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Cambrian Holding Company, Inc. (8203), Cambrian Coal LLC (3394), Apex Energy, Inc. (3455), C.W. Augering, Inc. (2875), Marshall Resources, Inc. (9735), PLM Holding Company LLC (7427), Bear Branch Coal LLC (0674), Clintwood Elkhorn Mining LLC (6910), Gatliff Coal LLC (5768), Perry County Coal LLC (4382), Ray Coal LLC (0981), Whitaker Coal LLC (8270), Pike-Letcher Land LLC (8952), Premier Elkhorn Coal LLC (8951), Raven Rock Development LLC (1351), Rich Mountain Coal LLC (1974), S.T. & T. Leasing, Inc. (0340), T.C. Leasing, Inc. (7705), and Shelby Resources, LLC (5085).

4848-4689-9110.3

## INTRODUCTION

1. As the Committee has previously stated, it does not generally object to a sale of substantially all of the Debtors' assets (the "Sale") that (a) leaves the estate administratively *solvent*, and (b) is conducted through a fair, robust, and value-maximizing sale process. As discussed below, the Sale also must preserve both (i) the fraudulent transfer and related claims asserted by the Committee against the Lender Bidders (as defined below), and (ii) the ability of the Debtors' estates to realize upon the unencumbered assets of the Debtors' estates that were included in the Sale.

2. As of the filing of this Objection, the Committee believes that the Debtors are intending to sell substantially all of their assets in two separate transactions: (a) the Perry County and Premier Elkhorn facilities, along with certain other assets, to Pristine Clean Energy, LLC ("Pristine"), and (b) most of the Debtors' remaining assets, including most of the Clintwood Elkhorn facility, to a joint venture created by (i) Richmond Hill Capital Partners, LP and Essex Equity Joint Investment Vehicle, LLC, the Debtors' DIP and ABL Lender (together, "Richmond Hill"), and (ii) Alliance Prime Associates, Inc., the current "Term Lender" of the Debtors ("Alliance," and together with Richmond Hill, the "Lender Bidders").

3. While the Debtors' auction for the Sale commenced on September 18, 2019, as of the date hereof, the Debtors have not filed the final successful bids with the Court. The Committee has been working with the Debtors and other parties to review bids and resolve the points noted in this Objection. However, because the exact terms of the successful bids are not yet set, the Committee files this Objection in order to disclose its preliminary objections and reserve all of its rights to raise additional points once they are filed with the Court.

**PRELIMINARY OBJECTIONS**

4.      The Committee raises four issues in this Objection.  *First*, as the Debtors have represented to this Court on several occasions, the Sale cannot leave the Debtors' estates administratively *insolvent*.

5.      Before authorizing the sale of important assets of a chapter 11 debtor's bankruptcy estate, the Court must "expressly find from the evidence presented before him at the hearing a good business reason to grant such an application." *Stephens Industries, Inc. v. McClung,* 789 F.2d 386, 389 (6th Cir. 1986) (quoting *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983)). The mere appeasement of major creditors – such as the Lender Bidders – is not a sufficient business justification for approving the sale or use of assets outside of the ordinary course of business.  *See Lionel*, 722 F.2d at 1070.  Courts will not approve a sale of assets outside of the ordinary course of business if the proposed sale does not "advance the goal of [an] effective reorganization." *In re Embrace Systems Corp.*, 178 B.R. 112, 125 (Bankr. W.D. Mich. 1995).

6.      The Sale cannot serve as a "dump and run" engineered by the Lender Bidders in which they use the chapter 11 process to acquire the Debtors' assets under a credit bid, while short paying those providing goods and services to the Debtors' estates after the chapter 11 petition.  To the extent that the Debtors seek to approve a Sale that does not pay all administrative claims in full, it should not be approved.

7.      *Second*, the Sale cannot include the transfer to the Lender Bidders (or anyone else) of the Debtors' causes of action against its current or former officers, directors and equity owners, including James Booth ("Booth") and Ted McGinnis ("McGinnis"), as well as any entities affiliated with such individuals.[2]  Many of these claims – including claims for breach of fiduciary

---

[2]    The Committee believes that the Lender Bidders have agreed to this point.

duty – are commercial tort claims over which the Lender Bidders failed to perfect any alleged lien.

8.  Moreover, the Debtors never marketed these claims or attempted to discern the value of them in any way. Accordingly, it would be patently unreasonable and prejudicial to unsecured creditors to transfer such claims to the Lender Bidders for little or no consideration.

9.  *Third*, concurrently with the filing of this Objection, the Committee is filing adversary proceedings against the Lender Bidders alleging, among other things, fraudulent transfer claims to avoid their alleged liens under § 544(b) of the Bankruptcy Code. If the Committee is successful in its adversary proceedings and avoids the Lender Bidders' alleged liens, the Debtors' estates would be entitled to be paid, in cash, for the value of the lien avoided in any such proceeding.

10.  To preserve the rights of the Committee in its adversary proceedings despite the "credit bid" of the Lender Bidders, the Committee submits that the following language should be added to any order approving the Sale:[3]

> Notwithstanding anything to the contrary in this Order or in the Asset Purchase Agreement, including without limitation, any credit bid, (a) the rights and claims of the Committee and the Debtors' estates against each of the Defendants (collectively, the "Defendants") in those certain adversary proceedings entitled [adversary name] (the "Adversary Proceedings") are hereby reserved in all respects for prosecution after the entry of this Order, and (b) the purchase price, including credit bid and allocation of bid, identified for the Acquired Assets shall not be binding on the Committee or the Debtors' estates as to the value of the Acquired Assets or the consideration received, whether under principles of res judicata, collateral estoppel or otherwise, provided that the Defendants may also argue that the identified purchase price for the Acquired Assets is in fact the correct valuation.

11.  *Fourth*, the Debtors propose to sell numerous unencumbered assets of the Debtors' estates, including vehicles and real estate for which a lien may be avoided under § 544(a) of the Bankruptcy Code. Indeed, the Debtors propose to sell no less than *420 vehicles* for which the

---

[3] The Committee believes that the Lender Bidders have agreed to include substantially the language noted below.

4

4848-4689-9110.3

Lender Bidders did not perfect a lien by noting it on a certificate of title as well as no less than *41 pieces of real estate* for which the Lender Bidders failed to properly file a mortgage.

12.     The Debtors' estates are entitled to be paid in cash for these unencumbered assets. The Lenders Bidders cannot appropriate these assets on account of nonexistent or avoidable liens. As such, the Committee submits that the following language should be added to any order approving the Sale:[4]

> The Committee has argued that (a) unencumbered assets of the Debtors' estates including, without limitation, vehicles and real estate for which a lien may be avoided under section 544 of the Bankruptcy Code, were sold to [the Lender Bidders] and/or [Pristine] (collectively, the "Alleged Unencumbered Transferred Assets"). Notwithstanding anything to the contrary in this Order or in the Asset Purchase Agreement including, without limitation, any credit bid, (i) the Committee's rights to argue that the Debtors' estates are entitled to be paid, in cash, on account of the fair market value of some or all of the Alleged Unencumbered Transferred Assets are preserved, and (ii) if the Court agrees that the Debtors' estates are entitled to be paid, in cash, on account of the fair market value of such Alleged Unencumbered Transferred Assets, the [Lender Bidders] shall transfer that sum in cash to the Debtors' estates. However, to the extent it prevails on any claim regarding Alleged Unencumbered Transferred Assets, the Committee waives any right to seek recovery of "the property transferred" under Section 550(a) of the Bankruptcy Code from the [Lender Bidders] or [Pristine], but reserves all other recourse, including monetary damages against the Lender Bidders.

## **RESERVATION OF RIGHTS**

13.     As noted above, the structure and terms of the final bids are not yet finalized. Accordingly, the Committee expressly reserves its right to amend, supplement, or otherwise modify this Objection after reviewing the proposed structure of the Sale.

WHEREFORE, the Committee requests that the Court condition approval of the Sale upon the revisions and clarifications that address the points raised in this Objection.

---

[4] The Committee is negotiating this language with the Lender Bidders.

5

## NOTICE

Notice is hereby given that the foregoing shall be brought on for hearing before the United States Bankruptcy Court for the Eastern District of Kentucky, 100 East Vine Street, Second Floor, Lexington, Kentucky, on Tuesday, August 24, 2019, at the hour of 9:00 a.m. Eastern Time (ET), or as soon thereafter as counsel may be heard.

/s/ T. Kent Barber
T. Kent Barber
**BARBER LAW PLLC**
KY Bar No. 092456
2200 Burrus Drive
Lexington, KY 40513
(859) 296-4372
kbarber@barberlawky.com

-and-

Geoffrey S. Goodman (*pro hac vice*)
Brittany J. Nelson (*pro hac vice*)
**FOLEY & LARDNER LLP**
321 N. Clark Street, Suite 2800
Chicago, IL 60654
Telephone:  (312) 832-4514
Facsimile:  (312) 832-4700
Email:  ggoodman@foley.com

COUNSEL FOR OFFICIAL COMMITTEE OF UNSECURED CREDITORS

## CERTIFICATE OF SERVICE

This document has been electronically filed and served via the Court's ECF System on September 20, 2019.

/s/ T. Kent Barber, Esq.
LOCAL COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS