# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Cambrian Holding Company, Inc., *et al.*,[1] | ) | Case No. 19-51200 (GRS) |
| | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | Honorable Gregory R. Schaaf |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. § 1121, EXTENDING THE EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTORS MAY FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), by and through their counsel, FROST BROWN TODD LLC, pursuant to 11 U.S.C. § 1121(d), file this motion (the "**Motion**") for entry of an order: (i) extending the period during which the Debtors have the exclusive right to file a chapter 11 plan by four (4) months, through and including February 14, 2020 (the "**Filing Exclusivity Period**"); and (ii) extending the period during which the Debtors can solicit votes thereon by four (4) months, through and including April 13, 2020 (the "**Soliciting Exclusivity Period**") and, together with the Filing Exclusivity Period, the "**Exclusivity Periods**"), without prejudice to the Debtors' right to seek further extensions of the Exclusivity Periods. In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Cambrian Holding Company, Inc. (8203), Cambrian Coal LLC (3394), Apex Energy, Inc. (3455), C.W. Augering, Inc. (2875), Marshall Resources, Inc. (9735), PLM Holding Company LLC (7427), Bear Branch Coal LLC (0674), Clintwood Elkhorn Mining LLC (6910), Gatliff Coal LLC (5768), Perry County Coal LLC (4382), Ray Coal LLC (0981), Whitaker Coal LLC (8270), Pike-Letcher Land LLC (8952), Premier Elkhorn Coal LLC (8951), Raven Rock Development LLC (1351), Rich Mountain Coal LLC (1974), S.T. & T. Leasing, Inc. (0340), T.C. Leasing, Inc. (7705), and Shelby Resources, LLC (5085).

## JURISDICTION

1. The United States Bankruptcy Court for the Eastern District of Kentucky (this "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. The Debtors commenced these jointly administered chapter 11 cases (the "**Chapter 11 Cases**") by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") on June 16, 2019 (the "**Petition Date**"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are operating their businesses and managing their affairs as debtors-in-possession. A creditors' committee was appointed on June 26, 2019 in the Chapter 11 Cases (Docket No. 142).

3. The Debtors' core business is producing and processing metallurgical (or "met") coal and thermal (or "steam") coal for use by utility providers and industrial companies located primarily in the eastern United States and Canada. The Debtors began in 1991 and, over time, acquired various mines and mining-related assets from major coal corporations. By and/or through these operations, the Debtors supply different qualities of coal to their customers. Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the Chapter 11 Cases is contained in the *Declaration of J. Mark Campbell in Support of First Day Motions of Debtors and Debtors-in-Possession* (Docket No. 39).

## RELIEF REQUESTED

4. By this Motion, the Debtors respectfully request, pursuant to section 1121(d) of the Bankruptcy Code, approval of an order whereby: (a) the Filing Exclusivity Period is extended by four (4) months, from October 14, 2019 to and including February 14, 2020, and (b) the Soliciting

Exclusivity Period is extended by four (4) months, from December 13, 2019 to and including April 13, 2020, without prejudice to the Debtors' right to seek further extensions of the Exclusivity Periods.

## BASIS FOR RELIEF

5. Pursuant to section 1121(b) of the Bankruptcy Code, a debtor has the exclusive right to propose a chapter 11 plan for the first 120 days of a chapter 11 case. 11 U.S.C. § 1121(b). Section 1121(c)(3) of the Bankruptcy Code further extends the period of exclusivity for an additional 60 days, during which the debtor may solicit acceptances of that plan, and no other party in interest may file a competing plan. 11 U.S.C. § 1121(c)(3). In these Chapter 11 Cases, the current Filing Exclusivity Period and Soliciting Exclusivity Period will expire on October 14, 2019 and December 13, 2019, respectively, absent further order of this Court.

6. Section 1121(d)(1) of the Bankruptcy Code permits this Court to extend a debtor's exclusivity "for cause," subject to certain limitations not relevant here. Although the Bankruptcy Code does not define the term "cause," the legislative history indicates the term should be viewed flexibly "in order to allow the debtor to reach an agreement." H.R. Rep. No. 95, 95th Cong., 1st Sess. 232 (1997*); see also In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996); *accord Gaines v. Perkins (In re Perkins)*, 71 B.R. 294, 297-98 (W.D. Tenn. 1987); *Teachers Insur. & Annuity Assoc. of Am. v. Lake in the Woods (In re Lake in the Woods)*, 10 B.R. 338, 344-45 (E.D. Mich. 1981); *In re Ravenna Indus., Inc.*, 20 B.R. 886, 889 (Bankr. N.D. Ohio 1982); *In re Ames Dep't Stores Inc.*, 1991 WL 259036, at *3 (S.D.N.Y. Nov. 25, 1991) ("The purpose of the Bankruptcy Code's exclusivity period is to allow the debtor flexibility to negotiate with its creditors.").

7. The decision to extend exclusivity is fact-specific; courts examine several factors to determine whether "cause" exists to extend the Exclusivity Periods. These factors include (a)

the size and complexity of the case, (b) the debtor's progress in resolving issues facing the estate, and (c) whether an extension of time will harm the debtor's creditors. *See, e.g., Amko Plastics*, 197 B.R. at 76-77; *accord In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409-10 (E.D.N.Y. 1989); *In re Serv. Merch. Co., Inc.*, 256 B.R. 744, 751-54 (Bankr. M.D. Tenn. 2000); *In re Crescent Mfg. Co.*, 122 B.R. 979, 982-83 (Bankr. N.D. Ohio 1990); *In re Southwest Oil Co. of Jourdanton, Inc.*, 84 B.R. 448, 451-54 (Bankr. W.D. Tex. 1987).

8. Under these standards, the "cause" required by 11 U.S.C. § 1121(d)(1) is present in these Chapter 11 Cases. The Debtors' bankruptcy proceedings involve sizeable and complex business operations with more than one thousand interested parties and many millions of dollars in assets and liabilities, and the Debtors have made progress since the commencement of these proceedings. Since the Petition Date, the Debtors have, among other things, been working diligently to refine their business operations, prepare and file their schedules, statements of financial affairs, and related amendments, prepare long-term financial projections, and formulate options for exit from chapter 11.

9. Additionally, pursuant to this Court's *Order (A) Establishing Bidding and Sale Procedures, (B) Authorizing Entry of Stalking Horse Agreement and Provision of Stalking Horse Protections, (C) Scheduling an Auction and Sale Hearing and Approving the Form/Manner of Notice, and (D) Granting Related Relief* (Docket No. 339) (the "**Bid Procedures Order**"), the Debtors have been focused on selling substantially all of their assets in an effort to maximize value for all stakeholders (the "**Sale Process**"). As stated at the hearing held on September 24, 2019 for approval of the sales of the Debtors' assets, the Debtors need to close on the sales of their assets on or before September 27, 2019, shortly before the current Filing Exclusivity Period deadline. The Debtors believe that they have made good faith progress toward formulating a viable plan for

4

these Chapter 11 Cases but, due to the focus on the value-maximizing Sale Process and the Debtors' efforts to stabilize post-Petition Date operations, the Debtors need additional time to work with parties in interest and fully analyze all relevant issues before a plan and disclosure statement can be submitted. Therefore, the Debtors request a four (4) month extension of the Exclusivity Periods.

**WHEREFORE,** the Debtors respectfully request that the Court enter an order extending (a) the Filing Exclusivity Period by four (4) months, through and including February 14, 2020, and (b) the Soliciting Exclusivity Period by four (4) months, through and including April 13, 2020 and granting the Debtors such other and further relief as the Court deems just and proper.

## NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING

**Pursuant to Local Rule 2002-1, parties in interest shall have 14 days from the date of this Motion to object and request a hearing on such objection or the Court may enter an Order approving this Motion without further notice or opportunity to object.**

Dated: September 25, 2019				Respectfully submitted,


							*/s/ Patricia K. Burgess*
							Patricia K. Burgess
							**FROST BROWN TODD LLC**
							250 West Main Street, Suite 2800
							Lexington, Kentucky 40507
							Tel:  (859) 231-0000
							Fax: (859) 231-0011
							E-mail: pburgess@fbtlaw.com

							-and-

							Ronald E. Gold (admitted *pro hac vice*)
							Douglas L. Lutz (admitted *pro hac vice*)
							A.J. Webb (admitted *pro hac vice*)
							**FROST BROWN TODD LLC**
							3300 Great American Tower
							301 East Fourth Street
							Cincinnati, Ohio 45202
							Tel:  (513) 651-6800
							Fax:  (513) 651-6981
							E-mail:  rgold@fbtlaw.com
								  dlutz@fbtlaw.com
								  awebb@fbtlaw.com


							**ATTORNEYS FOR DEBTORS AND DEBTORS-IN-POSSESSION**