UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Cambrian Holding Company, Inc., et al.,[1] | ) | Case No. 19-51200 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | |
| | ) | |
| Hazard Coal Corporation, | ) | Adv. Pro. No. _____ |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| American Resources Corporation, | ) | |
| Defendant. | ) | |
| | ) | |

## **COMPLAINT**

\* \* \* \* \* \* \*

Hazard Coal Corporation, a Virginia corporation, authorized to transact business in the Commonwealth of Kentucky ("Hazard Coal" or "Plaintiff"), through counsel, and for its Complaint against American Resources Corporation, an Indiana corporation[2] ("ARC" or "Defendant"), pursuant to 11 U.S.C. §§ 541(a) and 365(c)(3), Federal Rule of Bankruptcy Procedure 7001, and 28 U.S.C. § 2201(a) seeking declaratory judgment, states as follows:

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Cambrian Holding Company, Inc. (8203), Cambrian Coal, LLC (3394), Apex Energy, Inc. (3455), C.W. Augering, Inc. (2875), Marshall Resources, Inc. (9735), PLM Holding Company LLC (7427), Bear Branch Coal LLC (0674), Clintwood Elkhorn Mining LLC (6910), Gatliff Coal LLC (5765), Perry County Coal LLC (4382), Ray Coal LLC (0981), Whitaker Coal (8270), Pike-Letcher Land LLC (8952), Premier Elkhorn Coal LLC (8951), Raven Rock Development LLC (1351), Rich Mountain Coal LLC (1974), S.T. & T. Leasing (0340), T.C. Leasing, Inc. (7705), and Shelby Resources, LLC (5085).

[2] Plaintiff's intent is to name the purported purchaser of the Lease and believes that American Resources Corporation, an Indiana corporation, is the correct entity that purchased the Lease; however, to the extent either American Resources, Inc., a Kentucky corporation, or American Resources Corporation, a Florida corporation, is the correct party, then Plaintiff reserves the right to relate back and amend its claim accordingly.

1. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 1334 and 157, and 11 U.S.C. §§ 541 and 365(c)(3).

2. This Adversary Proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

4. This Adversary Proceeding is brought pursuant to 11 U.S.C. §§ 541(a) and 365(c)(3) seeking a declaration that the Lease Agreement dated December 1, 1981, by and between Hazard Coal, as lessor, and Whitaker Coal Corporation as subsequently acquired by Debtor, as lessee, expired when Debtor failed to cure the event of default prior to commencement by the Debtor of the Chapter 11 bankruptcy, Case No. 19-51200 on June 16, 2019 (the "Bankruptcy Action"), and, therefore, the Lease is not property of the Debtor's estate under 11 U.S.C. § 541, and may not be assumed or assumed and assigned pursuant to 11 U.S.C. § 365(c)(3).

5. This case presents an actual controversy within the jurisdiction of this Court for purposes of 28 U.S.C. § 2201.

6. ARC's agent as registered with the Indiana Secretary of State is Greg Jensen, located at 9002 Technology Lane, Fishers, Indiana 46038.

## BACKGROUND

7. On December 1, 1981, Hazard Coal, as lessor, and Whitaker Coal Corporation as subsequently acquired by Debtor, as lessee, in 2015 (the "Lease"), entered into that non-residential Lease Agreement of (a) mining, excavating, removing processing, shipping and marketing all coal located in, on or underlying the properties, and (b) occupying, possessing and using the surface of said properties, which properties

are located in Perry County, Kentucky, as more particularly described therein (the "Property"). A copy of said Lease is attached hereto and incorporated herein by reference as **Exhibit A**.

8. Plaintiff is the true owner of the Property as described in the Lease.

9. The Lease provides that Debtor shall pay to Plaintiff an annual minimum royalty in the amount of $100,000.00 and pay such other monthly wheelage and tonnage royalites in the amounts as described in the calculation schedule provided for therein.

10. The Lease further provides that in the event Debtor fails to make any payments due thereunder within sixty (60) days of the date due, Hazard Coal may terminate and cancel the Lease and all rights created thereunder upon giving Debtor notice of its intention to do so ("Notice of Default").

11. Pursuant to the Lease, should Hazard Coal provide Notice of Default, then Debtor shall have thirty (30) days to cure said default ("Cure Period"); however, if Debtor fails to remedy the default within the Cure Period, then, the rights and privileges granted thereunder shall cease and the Lease is declared null and void and of no further effect.

12. The Lease further provides that the failure of Hazard Coal to enforce any of its remedies due to the occurance of a default, shall not be considered a waiver of any such rights or remedies, but that same shall continue in full force and effect.

13. The wheelage payments due for April 2018 through December 2018, as well as the annual minimum royalty payment due for 2019 were not made by Debtor when due ("Event of Default").

14. By letter dated February 1, 2019, Hazard Coal notified Debtor about the amounts past due under the Lease, a copy of which is attached hereto and incorporated herein by reference as **Exhibit B**.

15. By letter dated May 7, 2019, Hazard Coal sent Debtor that Notice of Default pursuant to the Lease and provided for the Cure Period with which Debtor may remedy said default upon its payment of the total amount of $132,943.21 (which includes outstanding wheelage payments of $32,943.21 and annual royalty payment of $100,000.00) (the "Cure Amount"). A copy of said Notice of Default is attached hereto and incorporated herein by reference as **Exhibit C**.

16. In response to the Notice of Default, on May 31, 2019, Debtor acknowledged receipt thereof, but only sent payment of $35,451.81 in partial satisfaction of the Cure Amount, a copy of which is attached hereto and incorporated herein by reference as **Exhibit D**.

17. By letter dated June 7, 2019, Hazard Coal returned the partial payment to Debtor because it was insufficient to cure the Event of Default, a copy of which is attached hereto and incorporated herein by reference as **Exhibit E**.

18. On June 12, 2019, Hazard Coal notified Debtor that it failed to cure the Event of Default within the Cure Period and acknowledged that the Lease is "null and void and of no further effect" ("Prepetition Expiriation"), a copy of which is attached hereto and incorporated herein by reference as **Exhibit F**.

19. The Debtor subsequently filed the Bankruptcy Action on June 16, 2019, (the "Petition Date").

4

20. On September 24, 2019, Hazard Coal filed an *Objection* (Docket No. 521) to *Debtor's Memorandum of Fact and Law (Docket No. 196) filed in Support of its Motion to Approve Sale Transactions Reached at Auction* (Docket No. 517), based on Debtor's inclusion of the Lease as one of the Assigned Agreements despite the Prepetition Expiration.

21. On September 25, 2019, this Court entered an *Order Approving the Sale of Substantially all of the Debtors Assets Related thereto Free and Clear of Non-Assumed Liens, Claims, Encumbrances and Interests; Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Granting Related Relief* (Docket No. 534) (the "Sale Order"). Subject to the terms of the Sale Order, the Debtor purportedly assumed and assigned the Lease to ARC.

22. On September 27, 2019, Debtor filed that *Motion for Entry of an Order Extending the Time Within Which the Debtors Must Assign or Reject Unexpired Leases of Nonresidential Real Property* (Docket No. 553), by ninety (90) days, through and including January 12, 2020.

## FOR DECLARATION OF THAT LEASE EXPIRED PRE-PETITION

23. Pursuant to Paragraph 12 of the Lease, on May 7, 2019, Hazard Coal sent that Notice of Default and provided for the requisite Cure Period within which Debtor may remedy the default by payment of the Cure Amount.

24. Debtor failed to pay the Cure Amount within the Cure Period.

25. On June 12, 2019, Hazard Coal confirmed Debtor's failure to remedy the Event of Default within the Cure Period and declared the Lease "null and void and of no further effect."

26.     Having been terminated pursuant to its terms before the Petition Date, the Lease did not become property of the Debtor's estate under 11 U.S.C. § 541.

27.     Further, having terminated pursuant to its terms under applicable Kentucky law prior to the Petition Date, the Lease may not be assumed, or assumed and assigned to ARC under 11 U.S.C. § 365(c)(3).

28.     Until such time as this Court adjudicates the claims presented herein, Plaintiff seeks preliminary and/or temporary injunctive relief to maintain the status quo, and to prevent ARC from entering the Property and exercising control thereon.

29.     Further, in the event this Court declares that the Lease is not property of the Debtor's estate under 11 U.S.C. § 541, and that the Lease may not be assumed, or assumed and assigned to ARC under 11 U.S.C. § 365(c)(3), Plaintiff seeks any and all Orders of this Court necessary to prevent ARC from proceeding under the Lease, and any permanent relief enjoining ARC from entry on the Property.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests entry of judgment in its favor and against ARC:

1.      Declaring that the Lease expired prepetition under its terms and applicable Kentucky law (a) as a result of Debtor's failure to pay the Cure Amount within the Cure Period, and (b) as a result of the Plaintiff's declaration of the Prepetition Expiration of the Lease prior to the Petition Date, and, therefore, the Lease is not property of the Debtor's estate under 11 U.S.C. § 541, and the Lease may not be assumed, or assumed and assigned to ARC under 11 U.S.C. § 365(c)(3).

2. Entry of any and all Orders that may be necessary to prevent ARC from proceeding under the Lease, and any temporary and/or permanent relief enjoining ARC from entry on the Property and from proceeding under the Lease.

3. Granting such further relief to which Plaintiff may be entitled.

Respectfully submitted,

McBRAYER PLLC

*/s/ Emily H. Cowles*
EMILY H. COWLES
DOUGLAS T. LOGSDON
201 East Main Street, Suite 900
Lexington, KY  40507
(859) 231-8780
ecowles@mcbrayerfirm.com
dlogsdon@mcbrayerfirm.com
ATTORNEYS FOR PLAINTIFF