**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Cambrian Holding Company, Inc., et al.,[1] | ) | Case No. 19-51200 (GRS) |
| | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | Honorable Gregory R. Schaaf |

**HAZARD COAL CORPORATION'S
PROTECTIVE MOTION FOR RECONSIDERATION OR
IN THE ALTERNATIVE, MOTION TO ALTER, AMEND OR VACATE
THE SALE ORDER WITH RESPECT TO
AMERICAN RESOURCES CORPORATION**

Hazard Coal Corporation, a Virginia corporation, authorized to transact business in the Commonwealth of Kentucky ("Lessor" or "Hazard Coal"), by and through undersigned counsel, hereby submits its protective motion for reconsideration, or in the alternative, motion to alter this Court's *Order Approving the Sale of Substantially all of the Debtors Assets Related thereto Free and Clear of Non-Assumed Liens, Claims, Encumbrances and Interests; Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Granting Related Relief* (the "Sale Order") [Docket No. 534]. In support of Lessor's protective motion to reconsider or alter the Sale Order (this "Protective Motion"), the Lessor respectfully states:

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Cambrian Holding Company, Inc. (8203), Cambrian Coal, LLC (3394), Apex Energy, Inc. (3455), C.W. Augering, Inc. (2875), Marshall Resources, Inc. (9735), PLM Holding Company LLC (7427), Bear Branch Coal LLC (0674), Clintwood Elkhorn Mining LLC (6910), Gatliff Coal LLC (5765), Perry County Coal LLC (4382), Ray Coal LLC (0981), Whitaker Coal (8270), Pike-Letcher Land LLC (8952), Premier Elkhorn Coal LLC (8951), Raven Rock Development LLC (1351), Rich Mountain Coal LLC (1974), S.T. & T. Leasing (0340), T.C. Leasing, Inc. (7705), and Shelby Resources, LLC (5085).

1.      Out of an abundance of caution, Hazard Coal seeks reconsideration and/or alteration of the Sale Order dated September 25, 2019 pursuant to Fed. R. Bankr. P. ("Bankruptcy Rule") 9023 and 9024, and Fed. R. Civ. P. ("Federal Rule") 59(e) and 60, because the Sale Order approves the purported assumption and assignment of the expired and terminated Hazard Coal Lease and designates said Lease as one of the many Assigned Contracts from Debtor to Buyer, American Resources Corporation.[2]

2.      The Bankruptcy Rules "govern procedure in cases under title 11 of the United States Code." Fed. R. Bankr. P. 1001.  Although the Bankruptcy Rules do not contemplate a motion to reconsider, courts treat such motions as motions to alter or amend judgment under Rule 9023.  *See, e.g.*, *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 460 (6th Cir. 1999).

3.      Bankruptcy Rule 9023 provides that "[a] motion . . . to alter or amend a judgment shall be filed . . . no later than 14 days after entry of the judgment."  Bankruptcy Rule 9023 fully incorporates its civil counterpart, Federal Rule 59; except, Federal Rule 59 permits the court to allows parties to move to alter within twenty-eight (28) days of entry, whereas Bankruptcy Rule 9023 allows only fourteen (14) days to do so.

4.      To avoid missing the 14-day deadline imposed by Bankruptcy Rule 9023, Hazard Coal files this Protective Motion to preserve the herein issues, but <u>not</u> to create competing rulings or deadlines set in the pending adversary proceeding, *Hazard Coal Corporation v. American Resources Corporation*, AP No. 19-5023, filed on October 4, 2019 (the "Adversary Proceeding").[3]

5.      Specifically, and as set forth in its Adversary Proceeding, on December 1, 1981, Hazard Coal, as lessor, and Whitaker Coal Corporation as subsequently acquired by Debtor, as lessee, in 2015 (the "Lease"), entered into that non-residential Lease Agreement of (a) mining,

---

[2] Capitalized terms used herein that are not otherwise defined shall have those meanings as ascribed in the Sale Order.
[3] The Adversary Proceeding relates to Debtor, Perry County Coal LLC, Case No. 19-51217.

excavating, removing processing, shipping and marketing all coal located in, on or underlying the properties, and (b) occupying, possessing and using the surface of said properties, which properties are located in Perry County, Kentucky, as more particularly described therein (the "Property"). A copy of said Lease is attached hereto and incorporated herein by reference as **Exhibit A**.

6. Hazard Coal is the true owner of the Property as described in the Lease.

7. The Lease provides that Debtor shall pay to Hazard Coal an annual minimum royalty in the amount of $100,000.00 and pay such other monthly wheelage and tonnage royalties in the amounts as described in the calculation schedule provided for therein.

8. The Lease further provides that in the event Debtor fails to make any payments due thereunder within sixty (60) days of the date due, Hazard Coal may terminate and cancel the Lease and all rights created thereunder upon giving Debtor notice of its intention to do so ("Notice of Default").

9. Pursuant to the Lease, should Hazard Coal provide Notice of Default, then Debtor shall have thirty (30) days to cure said default ("Cure Period"); however, if Debtor fails to remedy the default within the Cure Period, then, the rights and privileges granted thereunder shall cease and the Lease is declared null and void and of no further effect.

10. The Lease further provides that the failure of Hazard Coal to enforce any of its remedies due to the occurance of a default, shall not be considered a waiver of any such rights or remedies, but that same shall continue in full force and effect.

11. The wheelage payments due for April 2018 through December 2018, as well as the annual minimum royalty payment due for 2019 were not made by Debtor when due ("Event of Default").

12. By letter dated February 1, 2019, Hazard Coal notified Debtor about the amounts past due under the Lease, a copy of which is attached hereto and incorporated herein by reference as **Exhibit B**.

13. By letter dated May 7, 2019, Hazard Coal sent Debtor that Notice of Default pursuant to the Lease and provided for the Cure Period with which Debtor may remedy said default upon its payment of the total amount of $132,943.21 (which includes outstanding wheelage payments of $32,943.21 and annual royalty payment of $100,000.00) (the "Cure Amount"). A copy of said Notice of Default is attached hereto and incorporated herein by reference as **Exhibit C**.

14. In response to the Notice of Default, on May 31, 2019, Debtor acknowledged receipt thereof, but only sent payment of $35,451.81 in partial satisfaction of the Cure Amount, a copy of which is attached hereto and incorporated herein by reference as **Exhibit D**.

15. By letter dated June 7, 2019, Hazard Coal returned the partial payment to Debtor because it was insufficient to cure the Event of Default, a copy of which is attached hereto and incorporated herein by reference as **Exhibit E**.

16. On June 12, 2019, Hazard Coal notified Debtor that it failed to cure the Event of Default within the Cure Period and acknowledged that the Lease is "null and void and of no further effect" ("Prepetition Expiriation"), a copy of which is attached hereto and incorporated herein by reference as **Exhibit F**.

17. The Debtor subsequently filed this bankruptcy case (the "Bankruptcy Case") on June 16, 2019, (the "Petition Date").

18. As further described therein, Hazard Coal filed said Adversary Proceeding pursuant to 11 U.S.C. §§ 541(a) and 365(c)(3) seeking a declaration that the Lease expired prior to

commencement by the Debtor of this Bankruptcy Case, and, therefore, the Lease is not property of the Debtor's estate under 11 U.S.C. § 541, and may not be assumed or assumed and assigned pursuant to 11 U.S.C. § 365(c)(3).

19. Although the Sale Order purportedly approves the assumption and assignment of the Assigned Contracts, it further provides that "for purposes of this Order, [Assigned Contracts] shall mean those **unexpired** leases and executory contracts of the Debtors designated by each applicable Buyer (as defined in this Order) by delivering a written schedule to the Debtors on or before September 26, 2019 at 6:00 p.m. (prevailing Eastern Time) (the "Designation Deadline") and . . . (y) for all other counterparties, upon expiration of the Designation Deadline and payment of any cure amount set forth on the Cure Notice…." [Docket No. 534] (emphasis added).

20. The Sale Order also does not contemplate automatic rejection of the Lease from Debtor's estate; yet, pursuant to Debtor's *Motion for Entry of an Order, Pursuant to Sections 105(a) and 365(a) of the Bankruptcy Code, Authorizing the Rejection of Certain Executor Contracts and Unexpired Leases* filed on September 30, 2019 [Docket No. 567], the Debtor claims to "no longer operating as a going concern."

21. Here, the Lease expired pre-petition, Hazard Coal did not consent to the purported assumption and assignment of the Lease to Buyer, and Hazard Coal has not accepted any post-petition payments from Debtor and/or Buyer, which might trigger finality of the Sale Order. Despite this, Hazard Coal has observed American Resources Corporation enter the Property and mine, and based on information and belief, the Buyer has not fulfilled requisite safety requirements and permits.

22. Although Hazard Coal intends to move aggressively and swiftly in the Adversary Proceeding, many of the issues overlap which may cause inefficiency and injustice between these

two matters, thus, Hazard Coal brings the hereinabove described issues in this Bankruptcy Case to avoid being prejudiced while the Adversary Proceeding is being adjudicated.

23. Nothing in this Protective Motion is intended to be, nor should be construed as, a waiver by Hazard Coal of its rights under the Lease, the Bankruptcy Code or applicable Federal and state law of the Commonwealth of Kentucky.

WHEREFORE, Hazard Coal respectfully requests (a) that the Court alter or amend the Sale Order to remove and strike the Lease from the list of Assigned Contracts purchased by American Resources Corporation; (b) that if the Court does not decide to immediately alter or amend the Sale Order to remove and strike the Lease from the list of Assigned Contracts, that Hazard Coal be granted a reasonable opportunity to take discovery and present evidence in support of this Protective Motion; and further, because numerous factual and legal issues overlap, and to promote judicial and litigant efficiency, Hazard Coal respectfully requests that discovery and presentation of evidence in this contested matter be scheduled together and in coordination with discovery and presentation of evidence in the Adversary Proceeding,

Respectfully submitted,

McBRAYER PLLC

*/s/ Emily H. Cowles*
EMILY H. COWLES
DOUGLAS T. LOGSDON
201 East Main Street, Suite 900
Lexington, KY 40507
Telephone: (859) 231-8780
Facsimile: (859) 253-0706
Email: ecowles@mcbrayerfirm.com
dlogsdon@mcbrayerfirm.com
ATTORNEYS FOR
HAZARD COAL CORPORATION

## NOTICE OF HEARING

PLEASE TAKE NOTICE that the foregoing motion will come on for hearing before the United States Bankruptcy Court, Community Trust Building, located at 100 East Vine Street, 2nd Floor Courtroom, Lexington, Kentucky, on October 17, 2019 at 9:00 a.m., or as soon thereafter as the parties may be heard or at such other date and time scheduled by this Court.

*/s/ Emily H. Cowles*
EMILY H. COWLES, ESQ.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on this the 8th day of October 2019, with the Clerk of Court using the CM/ECF system, which will cause a notification of such filing (NEF) to be sent to all registered users in this case.

*/s/ Emily H. Cowles*
ATTORNEYS FOR
HAZARD COAL CORPORATION