# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Cambrian Holding Company, Inc., *et al.*,[1] | ) Case No. 19-51200 (GRS) |
| | ) |
| | ) (Jointly Administered) |
| | ) |
| Debtors. | ) |
| | ) Honorable Gregory R. Schaaf |

### DEBTORS' SECOND MOTION FOR ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. § 1121, EXTENDING THE EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTORS MAY FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), by and through their counsel, FROST BROWN TODD LLC, pursuant to 11 U.S.C. § 1121(d), file this motion (the "**Motion**") for entry of an order: (i) extending the period during which the Debtors have the exclusive right to file a chapter 11 plan by four (4) months, through and including June 15, 2020 (the "**Filing Exclusivity Period**"); and (ii) extending the period during which the Debtors can solicit votes thereon by four (4) months, through and including August 13, 2020 (the "**Soliciting Exclusivity Period**") and, together with the Filing Exclusivity Period, the "**Exclusivity Periods**"), without prejudice to the Debtors' right to seek further extensions of the Exclusivity Periods. In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Cambrian Holding Company, Inc. (8203), Cambrian Coal LLC (3394), Apex Energy, Inc. (3455), C.W. Augering, Inc. (2875), Marshall Resources, Inc. (9735), PLM Holding Company LLC (7427), Bear Branch Coal LLC (0674), Clintwood Elkhorn Mining LLC (6910), Gatliff Coal LLC (5768), Perry County Coal LLC (4382), Ray Coal LLC (0981), Whitaker Coal LLC (8270), Pike-Letcher Land LLC (8952), Premier Elkhorn Coal LLC (8951), Raven Rock Development LLC (1351), Rich Mountain Coal LLC (1974), S.T. & T. Leasing, Inc. (0340), T.C. Leasing, Inc. (7705), and Shelby Resources, LLC (5085).

## JURISDICTION

1.  The United States Bankruptcy Court for the Eastern District of Kentucky (this "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.  The Debtors commenced these jointly administered chapter 11 cases (the "**Chapter 11 Cases**") by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") on June 16, 2019 (the "**Petition Date**"). A committee of unsecured creditors was appointed in these Chapter 11 Cases on June 26, 2019 (Docket No. 142) (the "**Committee**").

## RELIEF REQUESTED

3.  By this Motion, the Debtors respectfully request, pursuant to section 1121(d) of the Bankruptcy Code, approval of an order whereby: (a) the Filing Exclusivity Period is extended by four (4) months, from February 14, 2020 to and including June 15, 2020, and (b) the Soliciting Exclusivity Period is extended by four (4) months, from April 13, 2020 to and including August 13, 2020, without prejudice to the Debtors' right to seek further extensions of the Exclusivity Periods.

## BASIS FOR RELIEF

4.  Pursuant to section 1121(b) of the Bankruptcy Code, a debtor has the exclusive right to propose a chapter 11 plan for the first 120 days of a chapter 11 case. 11 U.S.C. § 1121(b). Section 1121(c)(3) of the Bankruptcy Code further extends the period of exclusivity for an additional 60 days, during which the debtor may solicit acceptances of that plan, and no other party in interest may file a competing plan. 11 U.S.C. § 1121(c)(3). In these Chapter 11 Cases, the

current Filing Exclusivity Period and Soliciting Exclusivity Period will expire on October 14, 2019 and December 13, 2019, respectively, absent further order of this Court.

5. Section 1121(d)(1) of the Bankruptcy Code permits this Court to extend a debtor's exclusivity "for cause," subject to certain limitations not relevant here. Although the Bankruptcy Code does not define the term "cause," the legislative history indicates the term should be viewed flexibly "in order to allow the debtor to reach an agreement." H.R. Rep. No. 95, 95th Cong., 1st Sess. 232 (1997*); see also In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996); *accord Gaines v. Perkins (In re Perkins)*, 71 B.R. 294, 297-98 (W.D. Tenn. 1987); *Teachers Insur. & Annuity Assoc. of Am. v. Lake in the Woods (In re Lake in the Woods)*, 10 B.R. 338, 344-45 (E.D. Mich. 1981); *In re Ravenna Indus., Inc.*, 20 B.R. 886, 889 (Bankr. N.D. Ohio 1982); *In re Ames Dep't Stores Inc.*, 1991 WL 259036, at *3 (S.D.N.Y. Nov. 25, 1991) ("The purpose of the Bankruptcy Code's exclusivity period is to allow the debtor flexibility to negotiate with its creditors.").

6. The decision to extend exclusivity is fact-specific; courts examine several factors to determine whether "cause" exists to extend the Exclusivity Periods. These factors include (a) the size and complexity of the case, (b) the debtor's progress in resolving issues facing the estate, and (c) whether an extension of time will harm the debtor's creditors. *See, e.g., Amko Plastics*, 197 B.R. at 76-77; *accord In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409-10 (E.D.N.Y. 1989); *In re Serv. Merch. Co., Inc.*, 256 B.R. 744, 751-54 (Bankr. M.D. Tenn. 2000); *In re Crescent Mfg. Co.*, 122 B.R. 979, 982-83 (Bankr. N.D. Ohio 1990); *In re Southwest Oil Co. of Jourdanton, Inc.*, 84 B.R. 448, 451-54 (Bankr. W.D. Tex. 1987).

7. Under these standards, the "cause" required by 11 U.S.C. § 1121(d)(1) is present in these Chapter 11 Cases. As this Court is aware, on September 25, 2019, this Court entered its

*Order (I) Approving the Sale of Substantially All of the Debtors' Assets Related Thereto Free and Clear of All Non-Assumed Liens, Claims, Encumbrances and Interests, (II) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (III) Granting Related Relief* (Docket No. 534) (the "**Sale Order**"). Since the entry of the Sale Order, the Debtors have been primarily focusing, with the Committee, on ensuring that the purchasers of the Debtors' assets comply with their obligations under the Sale Order. Additionally, the Debtors and the Committee have been reviewing and reconciling the various remaining motions seeking allowance and payment of administrative expense claims in connection with these Chapter 11 Cases and working to ensure payment of any outstanding employee-related obligations. The Debtors believe that these issues must be resolved to the extent possible before determining the best alternative to exit these Chapter 11 Cases. The Debtors are working with—and will continue to work with—the Committee on formulating the best resolution of these Chapter 11 Cases on an appropriate timeframe. Given these circumstances, the Debtors need additional time to work with parties in interest and fully analyze all relevant issues before a plan and disclosure statement could be submitted. Therefore, the Debtors request a four (4) month extension of the Exclusivity Periods.

**WHEREFORE,** the Debtors respectfully request that the Court enter an order extending (a) the Filing Exclusivity Period by four (4) months, through and including June 15, 2020, and (b) the Soliciting Exclusivity Period by four (4) months, through and including August 13, 2020 and granting the Debtors such other and further relief as the Court deems just and proper.

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

**Pursuant to Local Rule 2002-1, parties in interest shall have 14 days from the date of this Motion to object and request a hearing on such objection or the Court may enter an Order approving this Motion without further notice or opportunity to object.**

Dated: January 29, 2020                         Respectfully submitted,

*/s/ Patricia K. Burgess*
Patricia K. Burgess
**FROST BROWN TODD LLC**
250 West Main Street, Suite 2800
Lexington, Kentucky 40507
Tel: (859) 231-0000
Fax: (859) 231-0011
E-mail: pburgess@fbtlaw.com

-and-

Ronald E. Gold (admitted *pro hac vice*)
Douglas L. Lutz (admitted *pro hac vice*)
A.J. Webb (admitted *pro hac vice*)
**FROST BROWN TODD LLC**
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Tel: (513) 651-6800
Fax: (513) 651-6981
E-mail: rgold@fbtlaw.com
          dlutz@fbtlaw.com
          awebb@fbtlaw.com

**ATTORNEYS FOR DEBTORS AND DEBTORS-IN-POSSESSION**