## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **Cambrian Holding Company, Inc.,** *et al.*,[1] | ) | Case No. 19-51200 (GRS) |
| | ) | |
| | ) | (Jointly Administered) |
| **Debtors.** | ) | |
| | ) | Honorable Gregory R. Schaaf |

## MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND APPALACHIAN POWER COMPANY d/b/a AMERICAN ELECTRIC POWER AND KENTUCKY POWER COMPANY d/b/a AMERICAN ELECTRIC POWER

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), hereby submit this *Motion for Order Approving Settlement Agreement Between the Debtors and Appalachian Power Company d/b/a American Electric Power and Kentucky Power Company d/b/a American Electric Power* (the "Motion") seeking approval of a settlement between the Debtors and Appalachian Power Company d/b/a American Electric Power ("APC") and Kentucky Power Company d/b/a American Electric Power ("KPC") (collectively, the "Utilities") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and in support thereof respectfully states as follows:

### Jurisdiction and Venue

1.      The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157.

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Cambrian Holding Company, Inc. (8203), Cambrian Coal LLC (3394), Apex Energy, Inc. (3455), C.W. Augering, Inc. (2875), Marshall Resources, Inc. (9735), PLM Holding Company LLC (7427), Bear Branch Coal LLC (0674), Clintwood Elkhorn Mining LLC (6910), Gatliff Coal LLC (5768), Perry County Coal LLC (4382), Ray Coal LLC (0981), Whitaker Coal LLC (8270), Pike-Letcher Land LLC (8952), Premier Elkhorn Coal LLC (8951), Raven Rock Development LLC (1351), Rich Mountain Coal LLC (1974), S.T. & T. Leasing, Inc. (0340), T.C. Leasing, Inc. (7705), and Shelby Resources, LLC (5085).

2.      The Court has the authority to grant the relief requested herein pursuant to Bankruptcy Rule 9019(a) and § 105(a) of title 11 of the United States Code (the "Bankruptcy Code").  The Bankruptcy Court may enter final orders and judgments in this matter pursuant to 28 U.S.C. § 157(b)(1).  *See* 28 U.S.C. § 157(b)(1) (granting authority to the bankruptcy judges to "enter appropriate orders and judgments" in title 11 cases).

## Procedural Background

3.      On June 16, 2019 (the "Petition Date"), the Debtors commenced their cases under Chapter 11 the Bankruptcy Code that are now pending with this Court.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  The Debtors' chapter 11 bankruptcy cases are being jointly administered.

4.      On the Petition Date, the Debtors filed their *Motion for Entry of an Order Under 11 U.S.C. §§ 105(a) and 366 (I) Prohibiting Utilities from Discontinuing, Altering, or Refusing Service, (II) Establishing Procedures for Determining Adequate Assurances of Payment, and (III) Establishing Procedures for Utilities to Opt Out of the Debtors' Proposed Procedures for Adequate Assurance* (the "Utility Motion") (Docket No. 15).

5.      On June 18, 2019, the Court entered *Interim Order Pursuant To 11 U.S.C. §§ 105(A) and 366 (I) Prohibiting Utilities From Discontinuing, Altering, or Refusing Service, (II) Establishing Procedures For Determining Adequate Assurances of Payment, and (III) Establishing Procedures For the Utilities To Opt Out of the Debtors' Proposed Adequate Assurance Procedures* (the "Interim Utility Order") (Docket No. 90).

6.      On July 3, 2019, the Utilities filed the Objection.

7.    On July 22, 2019, the Court entered the *Agreed Order* (the "Agreed Order") (Docket No. 255) that continued the final hearing on the Utility Motion as to the Utilities.

8.    On July 25, 2019, the Court entered the *Final Order Pursuant To 11 U.S.C. §§ 105(A) and 366 (I) Prohibiting Utilities From Discontinuing, Altering, or Refusing Service, (II) Establishing Procedures For Determining Adequate Assurances of Payment, and (III) Establishing Procedures For Utilities To Opt Out of the Debtors' Proposed Adequate Assurance Procedures* (the "Final Utility Order") (Docket No. 282).  Paragraph 22 of the Final Utility Order provided that the Final Utility Order did not apply to the Utilities.

9.    On August 16, 2019, the court entered a *Consent Order Regarding Adequate Assurance of Payment Pursuant to Section 366 of the Bankruptcy Code for Appalachian Power Company d/b/a American Electric Power and Kentucky Power Company d/b/a American Electric Power* (the "Utility Consent Order") (Docket No. 355).

### Factual Background

10.    As of the Petition Date, APC and KPC held payment bonds (the "Pre-Petition Utility Bonds") issued by Continental Heritage Insurance Company ("Continental") as follows:

| Bond Number | Obligee | Principal | Penal Amount |
|---|---|---|---|
| 250249 | KPC | Perry County Coal, LLC | $687,564.26 |
| 250250 | KPC | Premier Elkhorn Coal LLC | $342,386.89 |
| 250251 | APC | Clintwood Elkhorn Mining LLC | $222,571.00 |
| 250252 | KPC | Clintwood Elkhorn Mining LLC | $619,579.31 |

11.    The Utility Consent Order, among other things, required the Debtors to make a series of specified post-petition payments (the "Consent Order Payments") on account of indebtedness to the Utilities, provided that the Pre-Petition Utility Bonds would remain in place as security in favor of the Utilities as security for post-petition obligations as set forth therein,

3

and provided that the Utilities would conditionally and temporarily forbear from seeking

payment from the Pre-Petition Utility Bonds.

12.     The Utilities contend that an amount totaling $491,000.00 in Consent Order

Payments are due but currently unpaid by the Debtors.

13.     On September 25, 2019, the Court entered its *Order (I) Approving the Sale of*

*Substantially All of the Debtors' Assets Related Thereto Free and Clear of All Non-Assumed*

*Liens, Claims, Encumbrances and Interests, (II) Approving the Assumption and Assignment of*

*Certain Executory Contracts and Unexpired Leases and (III) Granting Related Relief* (the "Sale

Order) (Docket No. 534).  In the Sale Order, the Court approved the following sale transactions

to the following purchasers (the "Purchasers") and their respective purchase agreements (the

"APAs"): (i) the sale of, among other things, the Clintwood Elkhorn mining complex to a joint

venture comprised of Richmond Hill Capital Partners, LP ("Richmond Hill"), Essex Equity Joint

Investment Vehicle, LLC ("Essex"), and Alliance Prime Associates, Inc. ("Alliance") or its

designee, Clintwood JOD, LLC ("JOD"), and (ii) the sale of the Premier Elkhorn mining

complex to Pristine Clean Energy LLC or its designee, Virgie Clean Mining, LLC ("Virgie").

14.     Each Purchaser's APA provided that said Purchaser was obligated to assume the

unpaid post-petition trade payables of the sellers relating to the mining complex and operations

acquired by that Purchaser.

15.     On September 27, 2019, the Purchasers closed (the "Closing") the transactions set

forth in the respective APAs.  With respect to the Clintwood Elkhorn mining complex, at

Closing the Purchased Contracts and Transferred Permits (defined in the "JOD APA") were

assigned and conveyed to JOD.  With respect to the Premier Elkhorn mining complex, at Closing

the Purchased Contracts and Transferred Permits (defined in the "Virgie APA") were assigned

and conveyed to Virgie.

16.     As of the time of Closing, the Debtors held cash in the amount of approximately

$300,000.00 (the "Reserved Amount") that Continental contends should have been utilized to

pay the unpaid Consent Order Payments to the Utilities, but was not and the JOD asserts that

such amounts should have been transferred to the JOD subject to the JOD APA.

17.     The Utilities and Debtors contend that, with respect to the Premier Elkhorn

mining complex, Virgie owes an amount to the Utilities totaling $186,913.09 as unpaid post-

petition, pre-Closing trade payables ("Premier Trade Payables") assumed pursuant to the Virgie

APA.  Additionally, in order to open new accounts in favor of Virgie, the Utilities require the

posting of bonds or other security.

18.     The JOD has paid all post-petition, pre-Closing trade payables owed to the

Utilities that were assumed pursuant to the JOD APA.  In order to open new accounts in favor of

JOD at the Clintwood Elkhorn mining complex, the Utilities require the posting of bonds or

other security.

### The Settlement Agreement

19.     The Debtors and the Utilities (together, the "Parties"), in an effort to clarify and

resolve the issues identified above, and to enable the Purchasers to obtain from Continental

payment bonds sufficient to establish new accounts with the Utilities, have entered into the

following settlement.  The terms of the settlement are memorialized in an *Agreement Resolving*

*Utility Payment Bond Issues Regarding Certain Cambrian Asset Purchasers* dated January 13,

2020, between the Debtors, the Utilities, Continental, JOD, Virgie, Alliance, Richmond Hill, and

Essex (the "Settlement Agreement").  A true and correct copy of the Settlement Agreement is

attached hereto as Exhibit 1.

20.    The following is a summary of the Settlement Agreement:[2]

a.    Payment of Reserved Amount:  Not later than three business days
following execution of the Settlement Agreement (the "Effective Date"),
the Debtors shall transfer the Reserved Amount to the Utilities.  The
Utilities shall apply the Reserved Amount in partial satisfaction of the
unpaid Consent Order Payments, which upon payment will leave a
balance of $191,000.00 in unpaid Consent Order Payments.

b.    Allowance of KPC Administrative Claim:  Upon the approval of the
Settlement Agreement by the Court pursuant to Federal Rule of
Bankruptcy Procedure 9019 (the "Approval Date"), the Debtors shall
allow, without the necessity of further documentation or application, an
administrative priority expense claim pursuant to Section 503(b) of the
Bankruptcy Code  against the bankruptcy estate of Clintwood Elkhorn
Mining, LLC and in favor of KPC (or its assigns and/or subrogees) in the
amount of $191,000.00 (the "KPC Admin Claim").  The KPC Admin
Claim shall be administered and paid by the Debtors in the manner, timing
and amount of similarly-situated allowed administrative claims against the
Debtors.  The Debtors agree that the KPC admin claim is payable solely
from the assets of their respective bankruptcy estates and that the JOD is
not liable for payment of any amount of the KPC Admin Claim.

c.    Releases of Offset and Claims Regarding Reserved Amount and Pre-
Petition Utility Payments:  On the Effective Date, JOD waives, and shall
be deemed to have waived any claim, argument, purchase-price reduction,
and/or right of offset against future payments owing to the Debtors
relating to the Debtors' possession of the Reserved Amount as of the
Closing, including, without limitation, any such right to reduction pursuant
to Section 3.1(b)(iv) of the JOD APA with respect to the Reserved
Amount.  In addition to the forgoing release, effective upon the payment
and clearance of the Reserved Amount, all parties to the Settlement
Agreement waive and release all claims, causes of action and defenses
against the Debtors that arise directly or indirectly from the Debtors'
failure to make payment when or as due under Paragraph 18 of the Utility
Consent Order; provided however, that the foregoing waiver and release
shall not affect the obligations of the Debtors under the Settlement
Agreement or the KPC Admin Claim.

---

[2] In the event of a conflict between the Settlement Agreement and the summary set forth herein,
the terms Settlement Agreement shall control.

21.    The Agreement is the product of good-faith, arms-length negotiations.  The

Debtors have entered into the Settlement Agreement in their capacity as chapter 11 debtors in

possession.

## Relief Requested

22.    Through this Motion, the Debtors respectfully request the entry of an order

approving the Settlement Agreement and authorizing the Debtors to take any and all other

necessary actions to effectuate the Settlement Agreement as provided for herein.

## Applicable Standard

23.    Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he

court may issue any order . . . necessary or appropriate to carry out the provisions of [the

Bankruptcy Code]."  Bankruptcy Rule 9019(a) further provides that, "[o]n motion by the trustee

and after notice and a hearing, the court may approve a compromise or settlement."  Fed. R.

Bankr. P. 9019(a).  Compromises and settlements "are a normal part of a bankruptcy case."

*Plaza at Latham Assocs. v. Citicorp N. Am., Inc.*, 150 B.R. 507, 514 (N.D.N.Y. 1993).

24.    The decision whether to approve a compromise or settlement under Bankruptcy

Rule 9019 is left to the discretion of the Court, which must determine if the compromise or

settlement is fair and equitable.  *See Rankin v. Lavan (In re Rankin)*, 438 Fed. Appx. 420, 426

(6th Cir. 2011); *In re Clements Mfg. Liquidation Co., LLC*, 581 B.R. 218, 220–21 (Bankr. E.D.

Mich. 2018); *In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997); *In re Marvel Entm't Group,

Inc.*, 222 B.R. 243 (D. Del. 1998).  The Court is not required to conduct a "mini-trial" of the

underlying case, but instead must only decide whether the compromise or settlement proposed

falls "below the lowest point in the range of reasonableness."  *In re Austin*, 186 B.R. 397, 400

(Bankr. E.D. Va. 1995) (citations omitted).  *See United States of America ex rel. Rahman v.*

*Oncology Associates, PC*, 269 B.R. 139, 153 (D. Md. 2001).

25.     Factors to be considered when evaluating a settlement under Bankruptcy Rule

9019 include:  (i) the probability of success in the litigation; (ii) the complexity, expense and

likely duration of the litigation; (iii) all other factors relevant to making a full and fair assessment

of the wisdom of the proposed compromise, including potential difficulties in collection, if any;

and (iv) whether the proposed compromise is fair and equitable to the debtor, its creditors, and

other parties in interest.  *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v.*

*Anderson*, 390 U.S. 414, 424 (1968); *In re Rankin*, 438 Fed. App'x 420, 426 (6th Cir. 2011);

*Cory v. Leasure*, 491 B.R. 476, 484 (W.D. Ky. 2013); *In re Frye*, 216 B.R. at 174; *see also In re*

*Martin*, 91 F.3d 389, 393 (3d Cir. 1996) (stating that "[t]o minimize litigation and expedite the

administration of a bankruptcy estate, compromises are favored in bankruptcy" and citing the

criteria set forth above in determining the reasonableness of particular settlements) (internal

quotations and citations omitted); *Shaia v. Three Rivers Wood, Inc. (In re Three Rivers Woods,*

*Inc.)*, No. 98-38685, 2001 WL 720620, *5 (Bankr. E.D. Va. Mar. 20, 2001) ("[C]ompromises are

favored in bankruptcy").

26.     Integral to the process of evaluating proposed settlements is "the need to compare

the terms of the compromise with the likely rewards of litigation."  *TMT Trailer Ferry*, 390 U.S.

at 425.  But, "the settlement may be approved even if the court finds it likely that the trustee

would ultimately succeed in the litigation*."  In re Austin*, 186 B.R. at 400.  Ultimately, approval

of a compromise under Bankruptcy Rule 9019(a) is appropriate when the compromise is fair,

equitable and in the best interests of the debtor's estate.  *See, e.g., In re Alpha Nat. Res. Inc.*, 544

B.R. 848, 857 (Bankr. E.D. Va. 2016) (same).

### Basis for Relief

27.     The foregoing factors weigh heavily in favor of approving the Settlement Agreement. The Settlement Agreement represents a fair and reasonable compromise of the claims that could be asserted by the Utilities arising from the allegedly unpaid Consent Order Payments.

28.     Furthermore, the proposed Settlement Agreement eliminates potential risk, uncertainty, and additional costs that would be incurred if the Utilities asserted claims arising from the allegedly unpaid Consent Order Payments in litigation.

29.     The Debtors submit that the Settlement Agreement was negotiated in good faith, and is fair, equitable, and in the best interest of the Debtors' bankruptcy estates.

### NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING

**30.     Pursuant to Federal Rule of Bankruptcy Procedure 2002(a)(3), and Local Rules 2002-1 and 9013-1, parties in interest shall have 21 days from the date of this Motion to object or the Court may enter an order approving this Motion without further notice and opportunity to object.  If a party in interest timely and properly files an objection, the Debtors intend to present this Motion for hearing on March 19, 2020 at 9:00 a.m. (prevailing Eastern time) before the United States Bankruptcy Court for the Eastern District of Kentucky, 100 East Vine Street, Suite 200, Second Floor Courtroom, Lexington, Kentucky 40507.**

### NO PRIOR REQUEST

31.     No prior request for the relief sought in this Motion has been made to this or any other Court in connection with these Chapter 11 Cases.

WHEREFORE, the Debtors respectfully request that this Court enter an order substantially in the form of Exhibit 2 attached hereto (1) approving the Settlement Agreement, (2) authorizing the Debtors to enter into and to take any and all action necessary to consummate the Settlement Agreement, and (3) granting such other and further relief as the Court deems necessary and appropriate under the circumstances.

Dated: February 20, 2020                WHITEFORD, TAYLOR & PRESTON, LLP

Respectfully submitted,

/s/ *Masten Childers, III*
Masten Childers, III
161 North Eagle Creek Drive, Suite 210
Lexington, Kentucky 40509
Tel:  (859) 687-6700
Fax:  (859) 263-3239
Email:  mchilders@wtplaw.com

Michael J. Roeschenthaler (*pro hac vice*)
200 First Avenue, Third Floor
Pittsburgh, Pennsylvania 15222
Tel:  (412) 618-5601
Fax:  (412) 618-5596
Email:  mroeschenthaler@wtplaw.com

-and-

Bradford F. Englander (*pro hac vice*)
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042
Tel:  (703) 280-9081
Fax:  (703) 280-9139
Email:  benglander@wtplaw.com

*Conflicts and Special Counsel*
*to the Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was filed electronically on this 20th day of February, 2020 with the Clerk of the Court using the CM/ECF system, which will cause a notification of such filing (NEF) to be sent to all registered users in this case.


/s/ *Masten Childers, III*
Masten Childers, III


*10406945*