## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Cambrian Holding Company, Inc., *et al.*, | ) | Case No. 19-51200 |
| | ) | |
| Debtors. | ) | |

### **AMENDED SUPPLEMENTAL** AGREED ORDER MODIFYING AGREED ORDER (D.N. 2138) REGARDING TRUSTEE'S MOTION TO EXTEND DROP DEAD DATE AND MOTION TO COMPEL BONDING

Continental Heritage Insurance Company ("Continental"), Pristine Clean Energy, LLC ("Pristine"), Virgie Clean Mining, LLC ("Virgie"), and the Liquidating Trustee (the "Trustee"), Myra Resources, LLC ("Myra"), Pike Elkhorn Land Company, LLC ("Pike Elkhorn"), and Pallas Plant A ("Pallas"), through counsel, have agreed on the terms of this Amended Supplemental Agreed Order, which, by agreement of the foregoing parties, modifies certain dates and other provisions in the Court's July 21, 2022 *Agreed Order Regarding Trustee's Motion to Extend Drop Dead Date and Motion to Compel Bonding* (D.N. 2138) (the "Original Agreed Order"), as supplemented by the Court's January 6, 2023 *Supplemental Agreed Order Modifying Agreed Order (D.N. 2138) Regarding Trustee's Motion to Extend Drop Dead Date and Motion to Compel Bonding* (the "Supplemental Agreed Order").[1]

WHEREAS, the Permits subject to the Original Agreed Order have not been transferred to Myra by the Final Drop Dead Date described in Paragraph 10 of the Original Agreed Order, and the parties agree that the circumstances do not presently entitle Myra to the Conditional Drop Dead Date Extension described in Paragraph 11 of the Original Agreed Order. However, all permit

---

[1] Unless otherwise defined, capitalized terms herein have the meanings ascribed to them in the Original Agreed Order.

transfer applications have been filed by Myra and Continental has issued the necessary bonding to support such transfers.

WHEREAS, after extensive negotiation, the parties have agreed to an additional extension of the Final Drop Dead Date on and subject to the terms set forth below.

WHEREAS, unless specifically modified by this Amended Supplemental Agreed Order, all other terms of the Original Agreed Order remain in effect.

NOW, THEREFORE, the parties hereto agree and the Court orders as follows:

1. **Extended Final Drop Dead Date**.

    a. *Extension.* The Final Drop Dead Date is extended (the "Extended Final Drop Dead Date") to the earlier of (i) June 30, 2023; or (ii) the date on which Myra defaults (and fails to cure within 1 business day) upon any payment obligations to Continental hereunder (or any obligations under the Original Agreed Order that are not specifically modified herein).

2. **Additional Payment Obligations to Continental.**

    a. *Premiums.* Myra shall continue to make monthly premium payments of $120,000 per month to Continental on the first business day of each month. Myra shall pay the March 2023 payment by the close of business on March 1, 2023, the April 2023 payment on April 1, 2023, the May 2023 payment on May 1, 2023, and the June 2023 payment on June 1, 2023. Myra acknowledges that the foregoing payment plan is an accommodation and the total outstanding premium balance of $920,312.94 (as of February 28, 2023) is outstanding and due.

    b. *Legal Fees.* Pursuant to the GIA, Myra shall finish its reimbursement of Continental's 2022 legal fees by paying 4 weekly payments of $25,000 per week paying $100,000 to Continental on with such payments to commence on March 7, 2023.

    c. *Collateral Buildup Payments.* Pursuant to the Collateral Buildup Agreement, on or before March 15, 2023, Myra shall make a contribution to Continental for its 2022 Q3 and Q4 production.

3. **Bankruptcy Sale Option.** Myra selects the "Bankruptcy Sale Option" pursuant to Paragraph 10 of the Original Agreed Order, and Continental and the Trustee may commence negotiating and/or drafting a motion (a "Sale Procedures Motion") that would seek entry of an order (a "Sale Procedures Order") to establish the procedures and timing (including the retention of a broker, in the discretion of Continental and the Trustee), to govern a sale of the Permits and Escrowed Assets in the event that Myra fails to obtain final transfer of all of the Permits pursuant to the Agreed Order by the Extended Final Drop Dead Date described in Paragraph 1 hereof. So long as the Sale Procedures Order includes provisions for a public sale, an auction, and/or overbidding, Myra is not entitled to be a consulting party with respect to the Sale Procedures Motion or Sale Procedures Order.

    a. Continental and/or the Trustee shall not file the Sale Procedures Motion prior to the earlier of July 1, 2023 or the date on which Myra defaults (and fails to cure within 1 business day) upon any payment obligations to Continental hereunder (or any obligations under the Original Agreed Order that are not specifically modified herein). On or after such date, Continental and/or the

       Trustee may file the and notice the Sale Procedures Motion for the Court's July 18, 2023 hearing date.

b. If and when entered by the Court, the Sale Procedures Order shall permit Continental and/or the Trustee to immediately commence marketing the Permits and Escrowed Assets for an approximately 60-day period, *provided however*, that Continental and/or the Trustee may not enter into a written purchase agreement to sell the Permits and/or Escrowed Assets until July 15, 2023.

c. If, as of 5:00 p.m. Eastern Time on the Extended Final Drop Dead Date, all the Permits have transferred to Myra and Myra is in compliance with all payment obligations to Continental hereunder (and all obligations under the Original Agreed Order that are not specifically modified herein), the Bankruptcy Sale Option shall not occur. Instead, the parties shall file an appropriate Notice advising the Court of this fact, that the Procedures Order is moot and thereafter ineffective, and that no sale will occur under the Bankruptcy Sale Option.

d. If, as of 5:01 p.m. Eastern Time on the Extended Final Drop Dead Date, all the Permits have not transferred to Myra and/or Myra is not in compliance with all payment obligations to Continental hereunder (or any obligations under the Original Agreed Order that are not specifically modified herein), the sale of the Permits and the Escrowed Assets shall proceed pursuant to the Procedures Order, but any proposed sale shall be subject to Court approval in a subsequent sale order (a "Sale Order").

e. Myra and its affiliates (including, without limitation, Pristine, Virgie, Pike Elkhorn and Pallas) and agents hereby (i) consent to entry of this Amended Supplemental Agreed Order and the Procedures Order; (ii) waive any right to object to entry of this Amended Supplemental Agreed Order and/or Procedures Order; and (iii) and waive any right to seek reconsideration, rehearing, modification, appeal and/or other review of this Amended Supplemental Agreed Order and/or Procedures Order.

f. Myra, Pike Elkhorn, Pristine Virgie, shall provide information and unfettered access to Continental's and the Trustee's broker, agents, or representatives for inspection of the Escrowed Assets, prep plant, equipment, and real property in preparation of the sale.

4. **Cabinet Not a Party.** The Commonwealth of Kentucky Energy and Environment Cabinet (the "Cabinet") is not a party to this Amended Supplemental Agreed Order. This Amended Supplemental Agreed Order is not intended and shall not be construed or interpreted to order, bind, obligate, and/or direct the Cabinet in any respect or manner. All the Cabinet's rights, authorities, objections, and claims are preserved. The Cabinets rights under the Confirmation Order, including Paragraph 27, are not modified by this Order and are preserved.

SO AGREED:

/s/ Brian H. Meldrum
Brian H. Meldrum
KAPLAN JOHNSON ABATE & BIRD LLP
710 W. Main Street, Suite 400
Louisville, KY 40202
502-242-9111
bmeldrum@kaplanjohnsonlaw.com

*Counsel for Continental Heritage Insurance Company*

/s/ Geoffrey S. Goodman
Geoffrey S. Goodman
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, Illinois 60654
(312) 832.4500 Telephone
ggoodman@foley.com

*Counsel for Ellen Arvin Kennedy, solely in her capacity as Liquidating Trustee of the Cambrian Liquidating Trust*

/s/ Billy R. Shelton
Shelton, Branham & Halbert, PLLC
2452 Sir Barton Way, Suite 200
Lexington, KY 40509
bshelton@sbhlegal.net

*Counsel for Myra Resources, LLC, Pristine Clean Energy, LLC and Virgie Clean Mining, LLC*

/s/ Lee A. Smith
Lee A. Smith
C.V. Reynolds Law Offices, P.S.C.
112 West Court Street, Suite 100
Prestonburg, KY 41653
Tel: (606) 886-1020
Fax: (606) 886-0210

*Counsel for Pike Elkhorn Land Company, LLC and Pallas Plant A, LLC*

6

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Tuesday, March 7, 2023**
**(grs)**